**IN THE UNITED STATES DISCTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| FREDERICK DANIEL MILLS-PITTS<br>7024 Rising Sun Ave., Apt. B102<br>Philadelphia, PA 19111<br><br>Plaintiff,<br><br>v.<br><br>METROPOLIS TECHNOLOGIES, INC.<br>1314 7th St.<br>Santa Monica, CA 90401<br>and<br>SP PLUS CORPORATION<br>200 East Randoph Street, Suite 7700<br>Chicago, IL 60601<br><br>Defendants. | CIVIL ACTION<br><br>CASE NO.:<br><br>**JURY TRIAL DEMANDED** |

**CIVIL ACTION COMPLAINT**

Frederick Daniel Mills-Pitts (hereinafter referred to as "Plaintiff," unless indicated otherwise), by and through his undersigned counsel, hereby avers as follows:

**INTRODUCTION**

1.      This action has been initiated by Plaintiff against Metropolis Technologies, Inc. and SP Plus Corporation (hereinafter collectively referred to as "Defendants," unless indicated otherwise) for violations of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101, et. seq.), the Family and Medical Leave Act ("FMLA" – 29 U.S.C. § 2601 et. seq.), the Pennsylvania Human Relations Act ("PHRA"), the Philadelphia Fair Practices Ordinance ("PFPO"),[1] and Pennsylvania common law.  Plaintiff asserts, *inter alia*, that he experienced

---

[1] Plaintiff intends to amend his complaint to include claims under the PHRA and PFPO once those claims are administratively exhausted, and they will mirror his claims under the ADA.

1

unlawful workplace discrimination and retaliation from Defendants, culminating in his ultimate termination. As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2.      This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) as Plaintiff is filing in part under the ADA and such claims arise under laws of the United States and seek redress for civil rights violations under the federal law.

3.       There lies supplemental and/or ancillary jurisdiction over Plaintiff's state-law claims, as they arise out of the same common nucleus of operative fact(s) as Plaintiff's federal claims asserted herein.

4.      This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by *the United States Supreme Court in International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

5.      Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

6.      Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff has properly exhausted his administrative proceedings before initiating this action by timely filing his Charge with the EEOC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

**PARTIES**

7.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

8.      Plaintiff is an adult individual, with an address as set forth in the caption.

9.      Defendant Metropolis Technologies, Inc. is an American technology company, and the largest parking operator in North America, that manages and operates various parking facilities throughout the country via its subsidiaries, including at the Dave & Buster's restaurant on Columbus Boulevard in Philadelphia, Pennsylvania.  Defendant Metropolis Technologies, Inc. is headquartered at the above-captioned address.

10.      Defendant SP Plus Corporation, a subsidiary of Defendant Metropolis Technologies, Inc., is a corporation that manages and operates various parking facilities throughout the United States, including at the Dave & Buster's restaurant on Columbus Boulevard in Philadelphia, Pennsylvania, but with headquarters at the above-captioned address.

11.      Because of their interrelation of operations, common ownership or management, centralized control of labor relations, common financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership, and management that they made be treated as a single and/or joint employer for purposes of the instant action.

12.      At all times relevant herein, Defendants acted by and through their agents, servants and/or employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

**FACTUAL BACKGROUND**

13. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

14. Plaintiff was employed by Defendants for *approximately 21 years*, from on or about March 10, 2004, until his unlawful termination (discussed further *infra*) on or about July 15, 2025.

15. At all times relevant herein, Plaintiff worked out of Defendants' Dave & Buster's client location (hereinafter the "D&B Philadelphia location"), located at 325 N. Columbus Blvd., Philadelphia, Pennsylvania 19106.

16. Plaintiff was initially hired in cashier maintenance but was quickly promoted to the position of Supervisor in or about 2007, due to his hard work and strong work ethic.

17. Thereafter, Plaintiff was promoted to Facility Manager in or about 2012.

18. Plaintiff held the position of Facility Manager until his termination on or about July 15, 2025.

19. At the time of his termination, Plaintiff was primarily supervised by Senior Manager, Hannah Yon (hereinafter "Yon").

20. During Plaintiff's employment, as outlined *supra*, he was a hard-working employee, who performed his job responsibilities in a dutiful and highly competent manner, without being subjected to a history of discipline.

21. In fact, Plaintiff was given a special auditor role during his employment with Defendants, overseeing 15 other manager locations that he was required to bring to compliance.

22. Plaintiff has and continues to suffer from ADA-qualifying permanent knee disabilities, including those stemming from a slip-and-fall in or about 2018, for which he required

a patella tendon repair, light-duty work, and a six-week medical leave of absence (all reasonable accommodations under the ADA).

23.     Additionally, in or about November of 2023, Plaintiff suffered serious work-related injuries, stemming from a fall through the floor of a trash room attached to Pier 19, at Defendants' D&B Philadelphia client location.

24.     Plaintiff suffered substantial injuries/serious health conditions to his knees and shoulders and back for which he filed for worker's compensation benefits in or about December of 2023.

25.     As a result of his aforesaid work-related injuries/serious health conditions, Plaintiff suffered from pain, stiffness, swelling, and mobility issues, which (at times) interfered with some daily life activities, such as walking, lifting, bending, and working (among other daily life activities).

26.     Despite Plaintiff's aforesaid health conditions and restrictions, he was able to perform his job duties well; however, he (at times) required some reasonable medical accommodations.

27.     For example, Plaintiff immediately sought medical treatment due to the severity of his aforementioned work-related injuries/serious health conditions, including but not limited to undergoing multiple rounds of injections as part of his treatment.

28.     Plaintiff then underwent surgery in or about May of 2024, after which he remained out of work for 6 to 7 weeks (a reasonable accommodation under the ADA).

29.     Around six (6) weeks later, Plaintiff returned to work in or about mid-July of 2024, on a modified light duty, which included restrictions on pushing, pulling, lifting, and using stairs.

30.    Plaintiff thereafter required the ability to attend physical therapy and medical appointments during work hours to treat and care for his aforementioned disabilities (also very reasonable accommodations under the ADA).

31.    However, Defendants' management, including but not limited to Yon, expressed clear frustration with Plaintiff's need to attend physical therapy and medical appointments during work hours, by admonishing him for the same.

32.    For the next approximate year of his employment, while his knees and shoulders had improved, Plaintiff still suffered from back pain, for which he continued treating and was in severe pain.

33.    As a result, leading up to his unlawful termination, Plaintiff was taking intermittent time off here and there for treatment and to care for and treat for his aforesaid work-related injuries/serious health conditions.

34.    In the year leading up to his unlawful termination (while Plaintiff had been taking and/or requesting intermittent and block time off from work to care for and treat his aforesaid health conditions), Defendants' management never informed Plaintiff of his individualized FMLA rights, as required by the FMLA – or designated such time off as FMLA-qualifying leave.

35.    Therefore, Defendants failed to follow proper notice, designation, and informational regulations of the FMLA.

36.    Plaintiff was then abruptly terminated on or about July 15, 2025, in a meeting with HR, in very close proximity to his requests for/utilization of the aforementioned reasonable medical accommodations.

37.    Moreover, during his aforementioned July 15, 2025 meeting, Plaintiff was informed for the first time that his position was purportedly being "eliminated."

38.     Plaintiff was also contemporaneously offered a severance package if he agreed to waive any and all claims he might have against Defendants (including those for discrimination and retaliation), which Plaintiff did not sign.[2]

39.     Plaintiff was also very vaguely advised that his termination was due to financial and/or business need, without further explanation.

40.     Defendants failed to properly accommodate Plaintiff by considering Plaintiff's requests for reasonable medical accommodations (*i.e.*, intermittent and/or block time off) in making the decision to terminate him and then terminating him directly for utilizing the same.

41.     Defendants' reasons for Plaintiff's termination are also completely false and pretextual because (1) Plaintiff had a ***stellar approximately 21 year tenure*** with Defendants, during which he was a hard-working employee without a history of progressive discipline; (2) Plaintiff's job duties are still being performed in the interim following his termination by his non-disabled assistant, who did not have an ongoing workers' compensation claim with Defendants, and who did not have nearly the level of skill, experience, and seniority that Plaintiff had working for Defendants; (3) Plaintiff's direct supports still needed oversight and supervision to perform their job duties and, in fact, Defendants' client D&B wanted management on the premises (directly contradicting Defendants' assertion that his position had been eliminated); and (4) Plaintiff was

---

[2] *See e.g. Staffieri v. Northwestern Human Servs.*, 2013 U.S. Dist. LEXIS 72115 at **14-15 (E.D. Pa. May 22, 2013)(an employer who offered severance when policies did not require upon condition of waiving FMLA claim supported finding of pretext in FMLA claim among other facts); *See also Bartlett v. NIBCO Inc.*, 2011 U.S. Dist. LEXIS 28072 (N.D. Ind. 2011)("Severance pay packages contingent upon a release of c claims which are offered contemporaneously with the notice of termination are not covered by [Rule 408]", and the motive in offering same is admissible evidence in a retaliation claim and is admissible at trial in this case); *Karl v. City of Mountlake Terrace*, 2011 U.S. Dist. LEXIS 59085 (W.D. Wash. 2011)(severance agreements are admissible in retaliation claims when made contemporaneous to termination, as they are not governed by FRE 408); *EEOC v. Republic Servs., Inc.*, 640 F. Supp. 2d 1267 (D. Nev. 2009)(denying summary judgment and considering as evidence in wrongful termination case that a company would offer severance when an employee is supposedly terminated in a manner that doesn't warrant severance per an explicit company policy)."

terminated in close proximity to recently taking several days off as a result of his continued pain and treatment for his aforesaid work-related injuries/serious health conditions.

42.    Plaintiff believes and therefore avers that he was subjected to discrimination, a hostile work environment, and retaliation because of (1) his actual, perceived, and/or record of medical conditions; (2) his requested medical accommodations; and (3) Defendants' failure to properly accommodate his serious health conditions (set forth *supra*).

43.    Plaintiff also believes and therefore avers that his actual/perceived/record of health conditions and requested medical accommodations were motivating and/or determinative factors in in the termination of his employment with Defendants.

## COUNT I
### Violations of the Americans with Disabilities Act, as Amended ("ADAAA")
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; [3] Hostile Work Environment; and [4] Failure to Accommodate)**
**-Against Both Defendants-**

44.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

45.    Plaintiff suffered from qualifying health conditions under the ADA which affected his ability (at times) to perform some daily life activities.

46.    Plaintiff kept Defendants' management informed of his serious medical conditions and need for medical treatment and other accommodations.

47.    Despite Plaintiff's aforementioned health conditions and limitations, he was still able to perform the duties of his job well with Defendants; however, Plaintiff did require some reasonable medical accommodations at times.

48.     Plaintiff requested reasonable accommodations from Defendants including but not limited to occasional intermittent and/or block time off to care for and treat for his serious health conditions.

49.     Plaintiff was subjected to discrimination and a hostile work environment through disparate and demeaning treatment because of his aforesaid health conditions and requested accommodations.

50.     Plaintiff was abruptly terminated from his employment with Defendants, on or about July 15, 2025, in close proximity to requesting/utilizing reasonable medical accommodations (set forth *supra*), for completely pretextual reasons.

51.     Defendants failed to properly accommodate Plaintiff by considering Plaintiff's requests for reasonable medical accommodations (*i.e.*, intermittent and/or block medical leave) in making the decision to terminate him and then terminating him directly for utilizing the same.

52.     Plaintiff believes and therefore avers that he was subjected to discrimination, a hostile work environment, and retaliation, because of (1) his actual/perceived/record of health conditions; (2) his requests for reasonable accommodations (set forth *supra*); and (3) Defendants' failure to properly accommodate his serious health conditions (set forth *supra*).

53.     Plaintiff believes and therefore avers that his disabilities were motivating and/or determinative factors in the termination of his employment by Defendants.

54.     These actions as aforesaid constitute violations of the ADA.

**COUNT II**
**Violations of the Family and Medical Leave Act ("FMLA")**
**(Retaliation & Interference)**
**-Against Both Defendants-**

55.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

9

56.    Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

57.    Plaintiff requested leave for medical reasons from Defendants, his employers, with whom he had been employed for at least twelve (12) months pursuant to the requirements of 29 U.S.C. § 2611(2)(i).

58.    Plaintiff had at least 1,250 hours of service with Defendants during his last full year of employment.

59.    Defendants are engaged in an industry affecting commerce and employed at least fifty (50) or more employees within 75 miles of the location where Plaintiff worked for Defendants for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

60.    Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

61.    Plaintiff requested and utilized intermittent and/or block leave for FMLA-qualifying reasons throughout the course of his employment leading up to his termination.

62.    Plaintiff was terminated after taking and/or requesting intermittent and/or block leave relating to his serious health conditions and treatment.

63.    Defendants committed interference and retaliation violations of the FMLA by: (1) terminating Plaintiff for requesting and/or exercising his FMLA rights and/or for taking FMLA-qualifying leave; (2) considering Plaintiff's FMLA leave needs in making the decision to terminate him; (3) failing to inform Plaintiff of him individualized FMLA rights, which constitutes a failure to follow proper notice, designation, and information regulations of the FMLA; (4)  terminating Plaintiff to intimidate him and/or prevent him from taking FMLA-qualifying leave in the future;

(5) making negative comments and/or taking actions towards him that would dissuade a reasonable person from exercising his rights under the FMLA; and (6) failing to designate Plaintiff's requests for intermittent and/or block time off for his health conditions during the last approximate year of his employment with Defendants as FMLA-qualifying or FMLA protected leave.

64.    These actions as aforesaid constitute violations of the FMLA.

**COUNT III**
**Common-Law Wrongful Discharge**
**(Public Policy Violation)**
**-Against Both Defendants-**

65.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

66.    Upon information and belief, Plaintiff was terminated in substantial part for making claims for worker's compensation benefits and/or seeking worker's compensation benefits and/or for his work-related injuries (as discussed *supra*).

67.    It is against Pennsylvania's public policy for an employee to be terminated for making worker's compensation claims and/or seeking worker's compensation benefits. These actions as aforesaid constitute wrongful termination in Pennsylvania. *See Shick v. Shirey,* 552 Pa. 590, 716 A.2d 1231 (1997); *Rothrock v. Rothrock Motor Sales, Inc.*, 584 Pa. 297, 883 A.2d 511, 516 (2005).

68.    The temporal proximity and retaliatory animus between Plaintiff's claims for worker's compensation and his termination creates an inference that his termination was in retaliation for making such claims. These actions as aforesaid constitute wrongful termination in Pennsylvania.

**COUNT IV**
**Philadelphia Code, Chapter 9-4700.**
**(Wrongful Discharge From Parking Employment)**
**-Against Both Defendants-**

69.     The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

70.     Defendants are a "parking employer[s]" within the meaning of Philadelphia Code § 9-4701(4).

71.     Plaintiff is a "parking employee" within the meaning of Philadelphia Code § 9-4701(4).

72.     The Philadelphia Code provides that "[a] parking employer shall not discharge a parking employee except for *just cause or a bona fide economic reason*.  *See* § 9-4702 (emphasis added).

73.     Plaintiff was terminated by Defendants on or about July 15, 2025.

74.     Plaintiff avers that Defendants did not have just cause or a bona fide economic reason to terminate him.  Rather Plaintiff was terminated as a result of his aforesaid health conditions and requested accommodations and/or for applying for worker's compensation benefits.

75.     The Philadelphia code provides that "a discharge shall not be considered based on just cause unless the parking employer has utilized progressive discipline." *See* § 9-4703(2).

76.     Plaintiff was not provided with any "progressive discipline" or advised of any performance concerns leading up to his unlawful termination.

77.     Moreover, "[d]ischarges based on bona fide economic reasons shall be done in reverse order of seniority according to the length of service of parking employees in the work site where the discharge is to occur, computed in accordance with § 9-4704(4), so that employees most senior in length of service shall be retained the longest and, in the case of temporary layoffs of staff, reinstated first." *See* § 9-4704(3).

78.     However, Plaintiff's job duties are still being performed in the by his non-disabled assistant, who did not have an ongoing workers' compensation claim with Defendants, and who did not have nearly the level of skill, experience, and seniority that Plaintiff had working for Defendants.

79.     Plaintiff seeks all appropriate relief provided under the statute, including but not limited to reinstatement, restoration of hours, other injunctive relief, back pay and benefits, reasonable attorney's fees and costs.  *See* § 9-4708(f).

80.     Defendants' actions as aforesaid constitute violations of Philadelphia Code, Chapter 9-4700, *et. seq*.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendants are to be prohibited from continuing to maintain their illegal policy, practice or custom of discriminating/retaliating against employees and is to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B.     Defendants are to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered retaliation/discrimination at the hands of Defendants until the date of verdict;

C.     Plaintiff is to be awarded punitive and/or liquidated damages, as permitted by applicable law(s) asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D.      Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress;

E.      Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

G.      Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:

Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
akarpf@karpf-law.com
(215) 639-0801

Dated: May 19, 2026

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Frederick Daniel Mills-Pitts | : | CIVIL ACTION |
| v. | : | |
| Metropolis Technologies, Inc., et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          (  )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
  and Human Services denying plaintiff Social Security Benefits.          (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  (  )

(d) Asbestos – Cases involving claims for personal injury or property damage from
  exposure to asbestos.          (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
  commonly referred to as complex and that need special or intense management by
  the court.  (See reverse side of this form for a detailed explanation of special
  management cases.)          (  )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (x )

| | | |
|---|---|---|
| 5/19/2026 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: <u>Defendants place of business</u>

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?                                                    Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?    Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?    Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?    Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.    Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☒ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief ***see certification below***
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____
     _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
MILLS-PITTS, FREDERICK DANIEL

### DEFENDANTS
METROPOLIS TECHNOLOGIES, INC., ET AL.

**(b)** County of Residence of First Listed Plaintiff  Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Los Angeles
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 835 Patent – Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 460 Deportation |
| | **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | | ☐ 8 Multidistrict Litigation - Direct File |

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); FMLA (29USC2601)

Brief description of cause:
Violations of the ADA, FMLA, PHRA, PFPO and Pennsylvania Common Law.

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

### VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE  5/19/2026

SIGNATURE OF ATTORNEY OF RECORD

---

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____